IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00177-KDB-DCK

| | |
|---|---|
| PULTE HOME COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LS FRAMING, INC.;<br>OLD REPUBLIC INSURANCE<br>COMPANY; EVANSTON<br>INSURANCE COMPANY; AND<br>IBP ASSET, LLC,<br><br>Defendants. | ORDER |

This matter is before the Court on Plaintiff's Motion to Remand, which Defendants oppose. (Doc. No. 19). The Court has carefully considered this motion, the parties' briefs and exhibits, and other relevant pleadings of record. As discussed below, the Court finds that it lacks jurisdiction in this case, and the case should therefore be remanded to the Superior Court of Mecklenburg County from which it was removed. Accordingly, the Court will **GRANT** the motion to remand.

## I. LEGAL STANDARD

When faced with a motion to remand, a party seeking removal to federal court bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1986)); *Griessel v. Mobley*, 554 F.Supp.2d 597, 600 (M.D.N.C. 2008). Removal jurisdiction raises significant federalism concerns; therefore, strict construction of the statutory procedures for removal is required. *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Indeed, the Fourth Circuit has repeatedly emphasized that courts "should resolve all doubts about the propriety

1

of removal in favor of retained state court jurisdiction.*" Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)); *see also Mulcahey,* 29 F.3d at 151.

## II. FACTUAL BACKGROUND

Pulte Home Company ("Pulte") filed suit in the Superior Court of Mecklenburg County, North Carolina against LS Framing, INC ("LS Framing"), Old Republic Insurance Company ("ORIC"), IBP Asset LLC, ("IBP"), and Evanston Insurance Company ("Evanston") (collectively "Defendants"). *See* Doc. No. 1. In this action Pulte seeks indemnification and defense from Defendants with respect to a previous suit in which Pulte was named as a defendant, styled *Nathan Tech v. Pulte Home Company, LLC et al* (the "Underlying Action"). *See* Doc. No. 19.

IBP and LS Framing each entered into contracts with Pulte to act as subcontractors on a residential homebuilding project (the "Project"). *See* Doc. No. 1. Both contracts contained indemnity provisions which require IBP and LS Framing to indemnify and defend Pulte where Pulte's liability is proximately caused by the work of the subcontractors, and/or where Pulte's liabilities are proximately caused by the subcontractors' breach of the contracts. *See* Doc. No. 1-2. The contracts also require IBP and LS Framing to procure insurance naming Pulte as an additional insured*. See id.* Defendants Evanston and ORIC issued commercial general liability insurance policies to LS Framing and IBP respectively, and both policies name Pulte as an additional insured. *See id.*

In the Underlying Action, which names both Pulte and LS Framing as defendants, the plaintiff, an employee of IBP, alleges he was injured while working on the Project. *See* Doc. No. 1-5. Plaintiff seeks recovery of various damages, including over $200,000 in medical bills as well

as punitive damages and fees and costs. *See id.* Evanston and ORIC refused to defend and indemnify Pulte. Subsequently, Pulte filed this action in the North Carolina Superior Court of Mecklenburg County against both insurers, Evanston and ORIC, and both subcontractors, IBP and LS Framing, seeking a declaration as to which entity or entities have an obligation to defend and indemnify Pulte. *See* Doc. No 1-2. Evanston timely filed for removal to federal court, however, none of the other defendants consented to the removal. Pulte then filed its Motion to Remand for lack of proper jurisdiction. *See* Doc. No. 19.

### III. DISCUSSION

The dispositive issue in this case is whether the absence of consent from all parties requires the case to be remanded. As discussed below, all defendants who have been properly served and joined must consent to removal (which is known as the "rule of unanimity"). Here, the rule of unanimity has not been satisfied; thus, the Court lacks jurisdiction and the case must be remanded. *See* Doc. No. 19.

A "civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed by the defendant or defendants." 28 U.S.C. § 1441(a). For removal to be appropriate, the defendant or defendants must file "a notice of removal containing a short and plain statement of grounds for removal." 28 U.S.C. §1446(a). "The Supreme Court has construed these statutes to require all defendants, who have been properly served and joined in a case, to join in or consent to removal, creating the so-called 'rule of unanimity.'" *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) ((citing *Mayo v. Bd. of Educ. Of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir. 2013)).

Focusing on defendant ORIC,[1] Evanston argues that ORIC's consent was not necessary because ORIC's consent falls under an exception to the unanimity rule. Specifically, Evanston cites several non-binding cases from jurisdictions which recognize "a lack of constructive notice of an additional defendant" as an exception to the unanimous consent otherwise required for removal. *See* Doc. No. 20. Those jurisdictions hold that the rule of unanimity does not apply when, at the time of removal, the removing defendant lacked constructive notice that a co-defendant had been served. *See e.g. Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007); *Laurie v. Nat'l R.R. Passenger Corp.,* 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992). However, the Fourth Circuit has not recognized a removing parties lack of constructive notice as a valid exception to the rule of unanimity.[2]

In the absence of binding precedent, and mindful of the governing rule that this Court should construe issues of removal narrowly in favor of retained state jurisdiction, this Court declines to recognize Evanston's lack of constructive notice as to co-defendant ORIC as an exception to unanimity. Evanston makes no argument that ORIC was improperly joined, which as noted has been alleged with respect to the other defendants. Being a properly joined party, falling outside of any exceptions to the rule of unanimity recognized in this Circuit, ORIC must consent for removal to be proper. Therefore, because ORIC was required to consent to removal, and did not, this case must be remanded to the Superior Court of Mecklenburg County, North Carolina, the state court from which this action was removed, for further proceedings.

---

[1] Evanston raises other arguments as to the fraudulent, or improper joinder of LS Framing, and IBP, which the Court need not and does not reach.

[2] The Fourth Circuit has, however, recognized a different exception to the rule of unanimity, excluding nominal parties from those parties which must consent to removal. *See Hartford Fire Ins. Co.,* 736 F.3d at 259.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Remand (Doc. No. 19) is **GRANTED;**

2. This case is **REMANDED** to the Superior Court of Mecklenburg County, North Carolina, for further proceedings; and

3. The clerk is directed to close this case and to transmit a certified copy of this order to the clerk of the Superior Court of Mecklenburg County, North Carolina.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 24, 2023

Kenneth D. Bell
United States District Judge